# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

vs.

MATTRESS FIRM, INC., *et al.*,

                Defendants.

Case No. 2:13–cv–1745–GMN–VCF

**ORDER**

This matter involves the U.S. Equal Employment Opportunity Commission's employment-discrimination action on behalf of six individuals, including William James. (*See* Compl. (#1[1]) at 2:1–2). Before the court is the Commission's Emergency Motion for a Protective Order (#26) and Emergency Motion to Quash (#28). Defendant Mattress Firm, Inc. filed an opposition (#30) and the Commission replied (#32). For the reasons stated below, the Commission's motions are denied.

## BACKGROUND

Defendants scheduled William James' deposition for October 17, 2014. On October 15, 2014, the Commission notified Defendants that Mr. James would be unable to appear for the deposition due to a medical condition. The Commission's email read: "Mr. William James just informed the EEOC that he cannot attend his deposition and give his best testimony on 10/17 due to a current medical ailment. Assuming Mr. James' medical ailment is no longer an issue, he and the EEOC are available on Oct. 27 at 2:00 pm in Las Vegas for a rescheduled deposition." (Ex. E. (#30-5) at 1).

Concerned that Mr. James' "medical ailment" was not legitimate, Defense Counsel responded: "We intend to move forward with Mr. James's deposition on Friday, October 17th pursuant to the

---

[1] Parenthetical citations refer to the court's docket.

subpoena we served.  Your email does not relieve Mr. James of his obligation to appear unless and until he has secured a ruling from the Court excusing his absence." (*Id.*) The parties met and conferred. But, they could not reach an agreement because Mr. James did not authorize the Commission to disclose the nature of his "medical ailment." The instant emergency motions followed; and on October 20, 2014, the court held a hearing.

### DISCUSSION

The guiding premise of the Federal Rules of Civil Procedure directs attorneys and courts "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED. R. CIV. P. 1. Rule 30 implements Rule 1's goals by prescribing how attorneys should behave in connection with depositions. The Rule provides that "examination and cross-examination of a deponent proceed as they would at trial." FED. R. CIV. P. 30(c)(1). Two things are implicit in the Rule 30's command that depositions must "proceed as [it] would at trial." First, attorneys must follow the same procedures as they would at trial. *See* Advisory Committee Notes, 1993 Amendments (discussing direct examination, cross examination, and objections). Second, attorneys must **conduct themselves** as they would at trial. *Id.* ("[C]ounsel should not engage in any conduct . . . that would not be allowed in the presence of a judicial officer."). This command includes even the most mundane matters, like scheduling.

Conduct unbecoming a member of the bar is a serious concern. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2113 n. 19 (discussing Rule 30 and citing *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007). While there is no allegation that counsel for either party acted unethically, this dispute would have been avoided if counsel for either party fully satisfied their ethical obligations. Attorneys have an ethical obligation to expedite litigation. *See* NEV. R. PROF'S CONDUCT 3.2 (adopted by LR IA 10-7(a)). Additionally, attorneys have an ethical obligation to avoid litigating frivolous matters. *See* NEV. R. PROF'S CONDUCT at 3.1 (adopted by LR IA 10-7(a)).

These obligations are subsumed in Rule 30's command that depositions should proceed "as they would at trial." This command is designed to be self-executing. *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 185 (E.D. Pa. 2008). This means that attorneys are immediately bound by operation of law to depose witnesses "as they would at trial" without judicial assistance, oversight, or intervention. *See* BLACK'S LAW DICTIONARY (9th ed. 2009) (defining self-executing taking effect immediately); MERRIAM-WEBSTER (10th ed. 1998) (defining self-executing as taking effect immediately). Where, as here, attorneys fail to fully comply with the spirit of their ethical obligations, the court is enlisted to referee disputes where there is no legal question and the only disputed "facts" concern opposing counsel's motive for acting or not acting or writing this or that in an email. This is not the purpose of the federal judiciary and not why counsel went to law school.

The court issues no additional orders at this time other than those rendered during the October 20, 2014 hearing. The court will not order a date for Mr. James' deposition; in light of the parties' upcoming depositions in Las Vegas, the parties are free to select an appropriate date and time for Mr. James deposition. Additionally, as stated during the hearing, the court declines to extend discovery at this time with one exception: the parties are granted leave to conduct the six depositions that were mentioned during the hearing.[2]

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Commission's Emergency Motion for a Protective Order (#26) is DENIED as moot.

---

[2] The court will issue a separate order on the Commission's Motion to Extend (#35) after it is ripe. As discussed during the hearing, the six dispositions are the (1) three Texas depositions on October 30th and 31st, (2) an October 22 deposition in Chicago, (3) the deposition of Mr. Friedman on October 27th, and (4) Mr. James' deposition.

IT IS FURTHER ORDERED that the Commission's Emergency Motion to Quash (#28) is DENIED as moot.

IT IS SO ORDERED.

DATED this 27th day of October, 2014.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE