Paul Swen Prior
Nevada Bar No. 9324
Karl O. Riley
Nevada Bar No. 12077
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
Email: sprior@swlaw.com
          kriley@swlaw.com

Shauna Johnson Clark  (Admitted *Pro Hac Vice*)
Texas Bar No. 00790977
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: shauna.clark@nortonrosefulbright.com

Attorneys for Defendant
MATTRESS FIRM, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTRESS FIRM, INC.; and DOES 1-15 INCLUSIVE,<br><br>Defendants. | CASE NO. 2:13-CV-01745-GMN-VCF<br><br>**ORDER FOR PROTECTIVE ORDER**<br><br>**The Honorable Cam Ferenbach**<br>**United States Magistrate Judge** |

Plaintiff U.S. Equal Employment Opportunity Commission and Defendant Mattress Firm, Inc. (the "Parties"), hereby jointly move this Court to enter its Stipulated Protective Order to prevent public disclosure of confidential information as defined below, unless otherwise specified.

The Parties acknowledge the concerns regarding the confidential nature of the documentation and information covered by this Stipulated Protective Order, as well as the legal

restrictions upon disclosure of some information under federal and state law, the implication of privacy interests, and the potential harm that may result through public disclosure. For these reasons, the Parties have agreed to the terms of this Stipulated Protective Order as follows:

1.      This Protective Order shall apply to documents and deposition testimony disclosed pursuant to the disclosure or discovery duties under the FEDERAL RULES OF CIVIL PROCEDURE.

2.      The following categories of information found in documents produced or disclosed during deposition testimony pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure are subject to this Order and hereafter deemed "Confidential Information":

(a) employment records of the Defendant related to employees or former employees who are not charging parties or class members;

(b) medical files and records;

(c) tax returns and tax information;

(d) bank and/or checking account numbers; and

(e) commercial information not publicly known, which is of technical, business, or commercial advantage to Defendant in accordance with Fed. R. Civ. P. 26(c)(1)(G);

3. The Confidential Information shall not be used for any purpose unrelated to the preparation for and trial of this matter, except upon the consent of the person(s) whose records are produced , or upon further order of the Court.

4. Unless otherwise specified in this Order, the Parties, Parties' counsel, and Parties' employees, and agents shall:

(a) hold in confidence all Confidential Information,

(b) prevent the use, dissemination, or publication of any Confidential Information to any third party, and

(c) specifically restrict public disclosure of any Confidential Information contained in depositions transcripts and documents.

5. For deposition testimony or exhibits to be entitled to protection under this Order, a Party must designate the testimony and exhibits disclosed at the deposition as "Confidential" by requesting the reporter to so designate the portion of the transcript at the time of the deposition.

6. If no such designation is made at the time of the deposition, any Party has 14 (fourteen) calendar days after receipt of the deposition transcript to designate, in writing, to the other Parties and to the court reporter, what portions of the transcript and which exhibits the Party designates as "Confidential."

7. Prior to reviewing or gaining access to this Confidential Information, each Party must ensure that any non-party witness(es) and any expert witness(es) execute an agreement to be bound by the terms of this Order, (See Exhibit A attached hereto, Acknowledgement and Agreement to be Bound ("Acknowledgement")). Witnesses are prohibited from disclosing Confidential Information outside this action. The Parties shall maintain the signed acknowledgments that each acquires. Disclosure of the Confidential Information to any other person or entity who has not signed an Acknowledgement is not permitted except as stated below.

8. For purposes of this matter only, the following individuals are permitted to view the Confidential Information without signing an Acknowledgement:

    (a) federal judicial officers and court personnel while in the performance of their official duties in this Action;

    (b) stenographers and videographers transcribing testimony or argument at a hearing, trial, or deposition in this Action or any appeal there from;

    (c) the attorneys, attorneys' agents and employees assigned to assist in the litigation of this Action;

    (d) persons whose names appear on those documents as authors or recipients thereof or witnesses who may be asked to testify regarding matters related to such documents; and

    (e) such other persons as hereafter may be designated by prior written agreement between the Parties herein, or by Court order upon noticed motion.

9. To the extent that any Confidential Information or documents containing Confidential Information or any copies, summaries, notes or abstracts thereof, have already been produced or disclosed during discovery, such information shall be considered "Confidential Information" and shall be used only in accordance with this Order.

10. During the pre-trial stage, if any documents designated as Confidential Information and subject to this Protective Order are attached to, referred to, or are exhibits to any motion, brief, memorandum, document, or transcript, such documents shall be filed in a sealed envelope bearing the following legend:

**Confidential Materials Subject to Protective Order (Filed Under Seal)**

11. The Parties shall endeavor not to include Confidential Information as exhibits to filings or in any filed pleading with the Court except as to the extent necessary. In the event counsel for any of the Parties determines to file with or submit to this Court any Confidential Information or information contained therein or derived therefrom, by way of pleadings, motions, briefs, or any other papers containing or attaching such materials or information, the party shall do one of the following: (i) with the consent of the other party, file only a redacted copy of the information; or (ii) file the pleading or other documents under seal. If a motion to seal is filed, no party shall file the document(s) at issue until the Court rules on the motion.

12. Nothing contained in this Order shall preclude any party from using its own documents or information in any manner it sees fit, or from revealing its own documents to whomsoever it chooses, without the prior consent of any other party or the Court.

13. By entering into this Protective Order, the Parties are not waiving any objections to discovery requests or inquiries during oral deposition which may elicit Confidential Information as defined in paragraph 2.

14. Within thirty (30) days after the conclusion of all proceedings in this lawsuit, whether by judgment, settlement, or otherwise, including any appeals related thereto, unless the Court orders otherwise, any Confidential Information produced in discovery and all copies of such documents which are covered by this Stipulated Protective Order, shall be destroyed and not released to the public. With respect to the EEOC, any Confidential Information contained in the

EEOC's litigation files shall be destroyed pursuant to the EEOC's Record's Disposition Program, EEOC Directives, Transmittal 201.001. Notes, memoranda, depositions, briefs, and other summaries prepared by counsel are excluded from the provisions of this paragraph, but only so long as they are maintained in the possession, custody, or control of that counsel and are withheld from all other persons following the conclusion of this case.

15. Producing or receiving Confidential Information or otherwise complying with the terms of this Order, will not:

(a) Operate as an admission by any party that any particular Confidential Information contains or reflects any other type of confidential or proprietary information;

(b) Prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery;

(c) Prejudice the rights of a party to seek a determination by the Court that particular materials be produced;

(d) Prejudice the rights of a party to apply to the Court for further protective orders; or

(e) Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

IT IS SO ORDERED that the terms of this Protective Order shall govern the production of Confidential Information, as defined herein, for the above-captioned litigation.

DATED this 16th day of December, 2014.

_____
The Honorable Cam Ferenbach
United States Magistrate Judge

- 5 -