# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
***

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

            Plaintiff,

vs.

MATTRESS FIRM, INC., *et al.*,

            Defendants.

Case No. 2:13–cv–1745–GMN–VCF

**<u>AMENDED ORDER</u>**

Pursuant to the stipulation of the parties (#49), the Order entered on December 16, 2014 (#47) is hereby amended as follows.  Changes or added language appears in bold print.

This matter involves the Equal Employment Opportunity Commissions' age discrimination action against Mattress Firm, Inc. Before the court is the Commission's Motion to Compel (#33[1]); Mattress Firm opposed (#41); and the Commission replied (#44). Also before the court is Mattress Firm's Motion for Leave to File a Surreply (#45), to which the Commission responded (#46). Also before the court is the Commissions Motion to Extend Discovery (#35). Mattress Firm did not oppose; but the Commission replied (#43). For the reasons stated below, the Commission's Motion to Compel is granted in part and denied in part, Mattress Firm's Motion for Leave is granted in part and denied; and the Commission's Motion to Extend Discovery is granted.

## BACKGROUND

In March of 2007, Mattress Firm acquired Bedtime Mattress, Inc. (*See* Compl. (#1) at ¶ 13). Mattress Firm's upper management intended to make some changes with the newly acquired stores. (*See id*. at ¶ 16). At the time, almost all of the existing staff at Bedtime Mattress were at least forty years

---

[1] Parenthetical citations refer to the court's docket.

1

old. (*Id.* at ¶ 15). This allegedly dissatisfied management, which reportedly told the Las Vegas District Manager that the existing staff was "very old," "stuck in their ways," resistant to change," "not like us," and not "motivated." (*Id.* at ¶ 16).

The solution: shortly after the acquisition, Mattress Firm required the older workers to move and unload heavy boxes and mattresses, post banner in high locations, and engage in other work that involved demanding labor without assistance. (*Id.* at ¶ 17). This caused the older workers difficultly. At the same time, management over staffed its stores with younger workers. This, the Equal Employment Opportunity Commission alleges, was designed to force out its older staff. (*See id.* at 18–19).

The changes worked. Shortly after Mattress Firm acquired Bedtime Mattress a number of older workers felt compelled to resign. (*Id.* at ¶¶ 24–29). The Equal Employment Opportunity Commission alleges that Mattress Firm's scheme to remove older workers violated Section 7(b) of the Age Discrimination in Employment Act of 1967. Accordingly, on September 23, 2013, the Commission filed suit on behalf of six charging parties (i.e., John Gillespie, Jackie Donahue, Robert Schnair, Hoosang Seisan, William James, and Frank McLean) and three class members (i.e., Faron Hansen, Stuart Katz, and Kathy Thanos).

The parties are currently in the midst of discovery, which has been straining. The Commission refuses to stipulate to a confidentiality and protective order because "as a public enforcement agency, the EEOC cannot agree to file relevant evidence and/or information under court seal." (Pl.'s Mot. to Compel (#33) at 24:10–13). This contributed to the dispute before the court. On April 18, 2014, the Commission served its first set of document requests. (*See* Doc. #33-4). In response, Mattress Firm argues that some of the requests seek privileged information while other requests should be filed under seal. Additionally, Mattress Firm asserts that, in some cases, no responsive documents exist.

The parties met and conferred throughout July, but were unable to reach an agreement. Accordingly, on October 21, 2014, the Commission filed the instant Motion to Compel. Seven requests for production of documents are in controversy. Each is discussed below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. In pertinent part, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The Supreme Court states that Rule 26 affords liberal discovery. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Liberal discovery "serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Where—as here—a party resists discovery, the requesting party may file a motion to compel. Rule 37 governs motions to compel, and provides that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond" to a request under Rule 34. Before moving to compel, Rule 37 requires the movant to include a certification that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery before seeking judicial intervention. FED. R. CIV. P. 37(a)(1); *see also* LR 26-7(b); *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996) (discussing the District of Nevada's meet-and-confer requirements).

The party resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). The resisting party must show that the discovery request is overly broad, unduly burdensome, irrelevant or disproportional in light of "the issues at stake." FED. R. CIV. P. 26(b)(2)(C); *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 472–73 (9th

Cir. 1992). To meet this burden, the resisting party must specifically detail the reasons why each request is improper. *Beckman, Indus.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id.*

The court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive. *Beckman, Indus.*, 966 F.2d at 476. The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

## DISCUSSION

The parties' filings present three questions: (1) whether Mattress Firm should be compelled to produce responsive documents; (2) whether Mattress Firm should be granted leave to file a surreply to the Commission's reply; and (3) whether discovery should be extended 60 days. Each is discussed below.

## I.   Whether Mattress Firm should be Compelled to Produce Responsive Documents

The Commission's Motion to Compel concerns seven requests for production of documents (i.e., Requests for Production 1–4, 6–8). Before addressing each of the disputed discovery requests, however, the court briefly addresses two preliminary matters that are relevant the Commission's discovery requests: the adequacy of Mattress Firm's privilege log and whether the court should enter a protective order to limit the disclosure of Mattress Firm's propriety information.

### A.   *Mattress Firm's Privilege Log is Inadequate & Requires Additional Briefing*

Federal Rule of Civil Procedure 26(b)(5)(A) governs claims of privilege. It states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation, the party must: (i) expressly make the claim; and (ii) describe

the nature of the documents, communications, . . . in [such] a manner that . . . will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). The Ninth Circuit has identified five requirements that a privilege log must satisfy to meet Rule 26(b)(5)(A)'s requirements where, as here, a party asserts the attorney-client privilege. These are: (1) the attorney and client involved; (2) the nature of the document; (3) all person or entities shown on the document to have received the document; (4) all persons or entities known to have been furnished the document or informed of its substance; and (5) the date the document was created. *LightGuard Sys., Inc. v. Spot Devices*, Inc., 281 F.R.D. 593, 597 (D. Nev. 2012) (citing *Dole v. Milonas*, 889 F.2d 885, 888 n. 3 (9th Cir.1989)).

Mattress Firm's initial privilege log is insufficient under *Dole v. Milonas*. Mattress Firm's privilege log only identified (1) documents subject to the privilege, (2) the relevant discovery request, (3) a description of the document (i.e., its nature, kind, or type), and (4) the privilege that was asserted. (*See generally* Doc. #33-6). The log did not identify (1) the attorney and client involved, (2) all persons or entities known to have been furnished the document or informed of its substance, or (3) the date the document was created.

On November 6, 2014, Mattress Firm provided a supplemental privileged log after the Commission filed the motion to compel. (*See* Doc. #41-1). The supplemental log identifies (1) the attorney and client involved, (2) all persons or entities known to have been furnished the document or informed of its substance, or (3) the date the document was created. Nonetheless, the Commission disputes the adequacy of this privilege log because it allegedly identifies Mattress Firm's Human Resources Director, Leslie Shaunty, as corporate counsel for Mattress Firm.

The Commission argues that Mattress Firm's identification of Leslie Shaunty as corporate counsel is improper and constitutes a waiver of the attorney-client privilege. Mattress Firm requests supplemental briefing in order to respond to the Commissions argument, which was first raised in the Commission's

5

reply brief. Mattress Firm's motion for supplemental briefing is granted. Because the party resisting discovery bears the burden of demonstrating that a discovery request should be denied, Mattress Firm is ordered to file a motion for a protective order addressing the attorney-client privilege by January 5, 2015. The motion will brief in the ordinary course.[2]

### B.   *Whether the Court should enter a Stipulated Confidentiality Agreement & Protective Order*

The parties' filings present a second preliminary question: whether the court should enter a protective order to limit either party from disclosing confidential information to third parties. The Commission refuses to stipulate to a confidentiality and protective order because "as a public enforcement agency, the EEOC cannot agree to file relevant evidence and/or information under court seal." (Pl.'s Mot. to Compel (#33) at 24:10–13). This argument fails as a matter of law.

No rule exists that would prevent public enforcement agencies from entering stipulated confidentiality and protective orders to file sensitive material under seal. Such orders are routinely entered in cases involving public enforcement agencies like the Commission. These orders, like Mattress Firm's proposed stipulated confidentiality agreement and protective order, routinely contain provisions that permit a party to unilaterally designate a document as confidential. These are known as "blanket orders." They expedite the discovery process by permitting litigants to freely exchange sensitive information without the risk of disclosure. *Public Citizen v. Liggett Group, Inc*., 858 F.2d 775, 780 (1st Cir. 1988); *In re Alexander Grant & Co., Litig*., 820 F.2d 352, 357 (11th Cir. 1987); *Cipollone v. Liggett Group, Inc*.,

---

[2] The issues of whether Mattress Firm properly asserted the attorney client privilege forms the basis of Mattress Firm's Motion for Leave to File a Surreply. Mattress Firm's Motion for Leave also requests supplemental briefing on whether Mattress Firm improperly withheld information related personnel files. The court denies Mattress Firm's Motion for Leave with regard to this issue because the court is not persuaded that Mattress Firm "illicitly" withheld this information. (*See* Doc. #45 at 2:3–7, 20–21). Therefore, Mattress Firm's Motion for Leave is granted in part and denied in part.

785 F.2d 1108, 1122 (3rd Cir. 1986). This furthers the basic premise of federal practice, which is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED. R. CIV. P. 1.

Here, there is no question that the Commission's requests seek information that Mattress Firm wants to keep confidential from its competitors. As detailed in Mattress Firm's opposition, this information includes the hiring practices, sales information, and its commission structure. The court has reviewed Mattress Firm's proposed order, finds that it complies with *Kamakana*, 447 F.3d 1172 and Local Rule 10-5, and that good cause exists to enter Mattress Firm's proposed order to expedite discovery. That order is being entered contemporaneously with this order.

**C.   *The Commission's Seven Requests for Production of Documents***

Having determined that Mattress Firm's privilege log requires additional briefing and that the parties should stipulated to a confidentiality agreement and protective order, the court now turns to the substance of the Commission's Motion to Compel. Seven document requests are in controversy. The court addresses each request below.

1.   Request for Production No. 1

The first document requests seeks "the complete personnel files" for twenty-two individuals. (*See* Doc. #33 at 12–13). These individuals include nine charging parties and class members as well as thirteen additional employees. (*See id*.). Mattress Firm argues that this discovery request should be denied because (1) it is moot, (2) nonparty employees have a privacy interest in the contents of their personnel files, (3) the twenty-two individual were not "similarly situated" employees for purposes of the ADEA, and (4) several of the individuals are older than the charging parties and class members. (*See* Def.'s Opp'n (#41) at 9–12). These arguments are unpersuasive.

First, Mattress Firm's contention that the Commission's discovery request is moot because complete personnel files have been produced is unpersuasive. Mattress Firm allegedly produced all of the

7

charging parties and class members' personnel files on July 28, 2014. (Pl.'s Reply (#44) at 5:23). Nonetheless, as discovery advanced, Mattress Firm continued to supplement its production in advance of the charging parties' dispositions. (*See id.* at 6). The Commission contends that this demonstrates that Mattress Firm withheld discoverable documents. The court disagrees.

Under 26(e), a party is required to supplement previous disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *See* FED. R. CIV. P. 26(e). Here, Mattress Firm complied with its continuing duty to produce responsive documents. This fact does not warrant the inference that the Commission invites the court to make: that Mattress Firm may have intentionally disregarded its discovery obligations. (*See* Pl.'s Reply (#44) at 6:19–24) (requesting a court order requiring Mattress Firm to describe the effort it made to comply with the Commission's discovery requests). Therefore, although the court does not find Mattress Firm withheld discovery documents, the fact that complete personnel files were not immediately produced indicates that the Commission's request is not moot. Mattress Firm must continue to produce responsive documents as they are discovered.

Second, Mattress Firm argues that personnel files should not be produced for similarly situated employees because they have a privacy interest in the contents of their files. (Doc. #41 at 10). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). In certain circumstances, the court must limit discovery. *See, e.g.*, FED. R. CIV. P. 26(b)(1), (c). However, none of these provisions empower the court to limit discovery where, as here, relevant material contains private information.

Federal courts are sensitive to customers' privacy interests and routinely grant businesses protective orders, which permit businesses to redact private information or produce that information under seal. *See, e.g.*, FED. R. CIV. P. 5.2, 26(c). These protective orders are designed to prevent sensitive personal information from being publically displayed on the internet through the court's docket.

See, e.g., *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, however, Mattress Firm relies on their employees' privacy rights as a basis for resisting discovery. This is mistaken. The proper procedure is for Mattress Firm to produce responsive documents with the private information properly redacted.

Therefore, the court orders Mattress Firm to produce personnel files for all people listed in the Commission's first request for production of documents. To ensure that the nonparty employees' privacy interests are protected, the court orders Mattress Firm to redact all personal identifiers from the employee's personnel files under Rule 5.2 and treat each employee's information as if the information belonged to a minor.[3]

Third, Mattress Firm argues that it should not be compelled to produce complete personnel files because many of the employees are not "similarly situated" employees for purposes of the ADEA. (Doc. #41 at 11). Rule 26 permits a party to obtain relevant information. This includes any information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This means that information need not be admissible at trial to be discoverable before trial. FED. R. CIV. P. 26(b), Advisory Comm. Notes (1946).

Here, however, Mattress Firm opposes discovery because the requested material may not be admissible at trial. That is, "six of the requested employees were in a supervisory position" and, therefore, are not "similarly situated" for purposes of age discrimination. (Doc. #41 at 11). This is not a proper basis for resisting discovery. Whether an employee is, in fact, "similarly situated" is a question best left to the trial judge on a properly briefed motion in limine. At this stage, it would be premature for the court to

---

[3] Therefore, for discovery purposes, Mattress Firm should redacted the employees' entire name and the parties should identify nonparty employees by their initials only. However, because this is an age discrimination action, Mattress Firm should not redact the nonparty employee's birthdate.

making findings regarding which employees are or are not similarly situated. Additionally, the Commission's discovery request regarding supervisors' personnel files are "reasonably calculated to lead to the discovery of admissible evidence" because the files may contain information regarding the mangers' discriminatory intent.

Fourth, Mattress Firm argues that it should not be compelled to produce some of the personnel files because several of the individuals are older than the charging parties and class members. This argument fails as a matter of law. This is an age discrimination action. The treatment of Mattress Firm's employees as it relates to age is highly relevant. Nonetheless, Mattress Firm argues that it should not produce personnel files of older employees because "evidence that Mattress Firm treated [older employees] more favorably [than the charging parties and class members] cannot show age discrimination." (Doc. #41 at 13). The court agrees, which is why the information must be produced. If Mattress Firm treated its oldest employees more favorably than the charging parties and class members, this information is relevant to Mattress Firm's defense that it did not discriminate on the basis of age.

Therefore, the Commission's motion to compel is granted with regard to the first request.

### 2.   Requests for Production No. 2

The Commission's second request for production seeks "a complete list of employees at all Las Vegas facilities since March 1, 2007." (*See* Doc. #33 at 13:12–19). In response, Mattress Firm states that it has no responsive documents containing such a list. (Doc. #41 at 14:12–13). It is well settled that a party is not required to create a document in response to a request for production. *Washington v. Garrett*, 10 F.3d 1421, 1437–38 (9th Cir. 1993). Therefore, the Commission's Motion to Compel is denied with regard to this request.

10

### 3.  Request for Production No. 3

The Commission's third request for production seeks "all documents reflecting wages earned, commissions earned, sales statistics and goals for employees at each of YOUR Las Vegas locations from March 2007 through the present." (Doc. #33 at 13:25–28). In response, Mattress Firm argues that this request is overly broad because it seeks "information about all employees," including warehouse workers. (Doc. #41 at 16:11–12). The court agrees and, therefore, orders Mattress Firm to comply with this request by producing information related to all similarly situated employees, including the individuals listed in the Commission's first request for production of documents.[4]

### 4.  Request for Production No. 4

The Commission's fourth request for production seeks "all documents reflecting applications to YOUR Las Vegas location from March 2007 through the present." (*Id*. at 14:8–15). Mattress Firm argues that it should not be ordered to produce responsive documents because it does not maintain a list of this information and, even if it did, the requested information is irrelevant. The court disagrees.

First, the Commission's fourth document request does not request a specific document or list of applicants. It seeks "all documents" related to job applications that include, inter alia, the applicants' names, ages, last known addresses, and whether the applicants were or were not hired. (*Id*. at 14:8–15). If Mattress Firm does not possess any documents with this information, then it should respond accordingly. However, Mattress Firm's argument that the request requires Mattress Firm "to create a document in response to" the Commission's request for production is unavailing. (*See* Doc. #41 at 14:25–26).

---

[4] Mattress Firm also argues that this request seeks irrelevant information because whether older employees were subjected to less lucrative pay structures will not be reflected in sales statistics or goals. The court is in no position to determine what Mattress Firm's unproduced documents will or will not show. Here, the only question is whether or not the Commission's request is "reasonably calculated to lead to the discovery of admissible evidence." Because the Commission alleges that older employees were subjected to less lucrative pay structures, its request regarding wages and commissions is proper.

Second, the court also disagrees with the Mattress Firm's contention that the Commission's fourth request for production seeks irrelevant information. Although the Commission's complaint does not contain a claim for failure to hire, the Commission alleges that Mattress Firm engaged in a scheme to drive out older employees while replacing them with younger employees. As a result, information regarding Mattress Firm's applicants and hiring practices is relevant to the Commission's ADEA claim.

Therefore, the Commission's Motion to Compel is **GRANTED** with regard to this request.

### 5.   Requests for Production Nos. 6–8

The Commission's remaining requests seek information related to Mattress Firm's hiring practices. Mattress Firm states that it "is willing to produce copies of internal and external job postings and flyers from 2007 to the present" but that information related to Mattress Firm's hiring priorities, strategies, and recruiting efforts are irrelevant because the Commission did not state a claim for failure to hire. For the reasons just stated, the court disagrees: the Commission alleges that Mattress Firm engaged in a scheme to drive out older employees while replacing them with younger employees. As a result, information regarding Mattress Firm's internal hiring priorities, strategies, and recruiting efforts are highly relevant. **Therefore, the Commission's Motion to Compel is GRANTED with regard to these requests.**

## II.   **The Commissions Motion to Extend Discovery is Granted**

The parties' filings present a final issue: whether discovery should be extended an additional sixty days in order to depose three witnesses: Ken Murphy, Jason Starr, and Williams James. Mattress Firm did not file an opposition. As discussed during the court's October 20, 2014, hearing an additional sixty days is needed because Mr. James has been suffering from a medical condition that has impeded his ability to appear for a deposition. The Commission argues that it has been unable to depose Ken Murphy or Jason Starr because it is awaiting on documents that are the subject of the motion to compel.

Therefore, because Mattress Firm did not oppose the motion, and because the court finds good cause to extend discovery, the Commission's motion is granted to allow Ken Murphy, Jason Starr, and Williams James to be deposed by February 13, 2015. For all other purposes discovery remains closed.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Equal Employment Opportunity Commissions' Motion to Compel (#33) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Mattress Firm's Motion for Leave to File a Surreply (#45) is GRANTED in part and DENIED.

IT IS FURTHER ORDERED that Mattress Firm's Motion for a Protective Order on the attorney-client privilege issue is due by January 5, 2015.

IT IS FURTHER ORDERED that the Equal Employment Opportunity Commissions' Motion to Extend Discovery (#35) is GRANTED only to the extent that **Defendant's Designated Corporate Representative under Rule 30(b)(6), Ken Murphy, Jason Starr, and William James may be deposed and their depositions must be completed by February 13, 2015.**

IT IS FURTHER ORDERED that the following dates APPLY:

| | |
|---|---|
| Discovery Cutoff Date: | October 27, 2014 |
| Expert Disclosures: | November 10, 2014 |
| Rebuttal Expert Disclosures: | December 10, 2014 |
| Dispositive Motion Deadline: | March 27, 2015 |
| Joint Pretrial Order Deadline: | May 1, 2015. If dispositive motions are filed, the joint pretrial order is due 30 days from the entry of the court's ruling on the motions. |

13

IT IS SO ORDERED.

DATED this 22nd day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE