# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

vs.

MATTRESS FIRM, INC., *et al.*,

        Defendants.

Case No. 2:13–cv–1745–GMN–VCF

**ORDER**

    Before the court is Mattress Firm's Motion for a Protective Order (#51). The Commission opposed (#52). At issue is the applicability of the attorney-client privilege to twenty-four emails.

    The Commission contends that the court should conduct an *in camera* review to determine whether the communications in controversy were merely made to an individual who happens to be an attorney, in which case the privilege does not apply, or were made to an attorney for the purpose of securing legal advice. Determining whether documents are privileged demands a "highly fact-specific analysis—one that most often requires the party seeking to validate a claim of privilege to do so document by document." *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir. 2011) (citing *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir.2000)). The court's decision to conduct an *in camera* review is discretionary. *In re Grand Jury Subpoena 92–1*, 31 F.3d 826, 829 (9th Cir. 1994).

    After reviewing the parties' papers, the court finds that it is necessary to conduct an *in camera* review of the communications in controversy. Mattress Firm is ordered to hand deliver copies of the communications in controversy to chambers before Friday, February 13, 2015.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mattress Firm must HAND DELIVER copies of the communications to in controversy to chambers before Friday, February 13, 2015.

IT IS SO ORDERED.

DATED this 9th day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE