# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

vs.

MATTRESS FIRM, INC.; and DOES 1-15 INCLUSIVE,

        Defendant.

Case No. 2:13–cv–1745–GMN–VCF

**ORDER**

MOTION TO STRIKE DEFENDANT'S REBUTTAL EXPERT TESTIMONY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #89)

      This matter involves United States Equal Employment Opportunity Commission's (hereafter "the EEOC") civil action against Defendant Mattress Firm, Inc. Before the court are the EEOC's Motion to Strike Defendant's Expert Testimony (Doc. #89), Mattress Firm's response, (Doc. #92) and the EEOC's reply. (Doc. #98). For the reasons stated below, the EEOC's motion to strike is denied.

## I. BACKGROUND

      The EEOC brought the instant action against Mattress Firm for alleged age discrimination between 2007 and 2011. The instant motion to strike arises from Mattress Firm's motion for summary judgment. In support of its motion for summary judgment, Mattress Firm cited to the testimony of its rebuttal expert, Nathanial Curtis. The EEOC now moves to strike Curtis' opinion as an inadmissible expert opinion. The EEOC argues that Curtis' opinion satisfies none of the requirements necessary to give an expert opinion as stated in Federal Rule of Evidence 702.

## II. LEGAL STANDARD

      "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record … or showing that the materials cited do not establish

the absences or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).

The admissibility of expert testimony may be objected to, if the expert testimony is used to support a motion for summary judgment. *Lust By and Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 597 (9th Cir. 1996).

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

The court must be "certain that an expert … employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

### III. DISCUSSION

The parties present six issues: (1) whether Curtis is qualified as an expert, (2) whether Curtis' specialized knowledge will help the trier of fact, (3) whether the data Curtis based his opinion on is reliable, (4) whether Curtis' methodology is reliable, (5) whether Curtis' testimony exceeds the scope of rebuttal expert testimony, and (6) whether Curtis may testify regarding Mattress Firm's possible disincentive to hire employees over the age of forty.

/// /// ///

1. <u>Curtis is Qualified to Render the Proffered Opinion</u>

"A lack of specialization affects the weight of the expert's testimony, not its admissibility." *In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 984 F. Supp. 2d 1021, 1028 (C.D. Cal. 2013).

Curtis is qualified to render the proffered opinion. Curtis has his Bachelor's degree in Ecology and Business, his Master's degree in Business Administration, and is currently pursuing his PhD in business. Curtis ten years of private consulting experience, focused on forensic accounting, economics, finance, and statistical counseling. Curtis regularly provides economic forecasts and business economic damage calculations. Curtis' education and experience is sufficient to qualify him as an expert regarding Mattress Firm's employment practices.

The EEOC argument focuses on Curtis' lack of experience with: (1) labor economics, (2) the EEO data the EEOC's expert relied on, and (3) discrimination and discriminatory hiring practices. The EEOC's argument is unpersuasive; the EEOC incorrectly equates expert specialization with expert qualification. Curtis' lack of specialization does not disqualify him from rendering an expert opinion.

The EEOC's out of circuit authorities are also unpersuasive. Each case cited by the EEOC, an expert was not qualified to testify on a subject area because the expert's education and experience were unrelated to the subject area that he proposed to testify about. *See Dean v. City of Shreveport*, 438 F.3d 448, 457 (5th Cir. 2006); *see also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). Here, Curtis' education and experience may relate to possible non-discriminatory explanations for Mattress Firm's allegedly discriminatory practices; thus Curtis is qualified to render the proffered expert opinion.

2. <u>Curtis' Opinion Will Assist the Trier of Facts</u>

An expert's opinion will assist the trier of facts on a particular question or subject, if the expert's opinion provides "appreciable help" to the trier of facts. *Goodwin v. Danek Medical, Inc.*, Case No. cv-

3

s-95-433-HDM(RJJ), 1999 WL 1117007 at* 3 (D. Nev. July 8, 1999); *see also Almy v. Davis*, Case No. 2:12-cv-129-JCM-VCF, 2013 WL 819875 at* 4 (D. Nev. Mar. 5, 2013) (expert's opinion would not assist the trier of facts to determine defendants' intent during alleged use of force). "If an individual is not qualified to render an opinion on a particular question or subject, it follows that his opinion cannot assist the trier of fact with regard to that particular question or subject. *Morin v. United States*, 534 F. Supp. 2d 1179, 1185 (D. Nev. 2005).

Curtis' opinion will assist the trier of facts determine possible non-discriminatory explanations for Mattress Firm's allegedly discriminatory employment practices. Curtis' analysis condenses vast amounts of employment data into a form that may be easily understood by a lay person. Curtis' analysis is the type of "appreciable help" that demonstrates Curtis' opinion will assist the trier of facts.

The EEOC contention, that Curtis' opinion will not assist the trier of facts since it is based on data outside of the time period of Mattress Firm's alleged discrimination, is misplaced. The EEOC's argument is not that Curtis' opinion fails to assist the trier of facts, but rather that the data Curtis based his opinion on is unreliable. This goes to weight not the admissibility of the opinion.

3.  <u>Curtis' Opinion is Based on Sufficient Facts and Data</u>

An expert's opinion is supported by sufficient facts and data, if there is some factual support for the expert's opinion. *Newkirk v. ConAgra Foods, Inc.*, 727 F. Supp. 2d 1006, 1017 (E.D. Wash. 2010) (insufficient facts to support expert's opinion about consumer's chemical exposure when expert based his opinion on report that described industry workers' chemical exposure). "If a party believes that the admissible opinions of an expert are 'shaky,' those opinions are to be attacked by cross examination and contrary evidence, rather than be excluded." *Hiropoulos v. Juso*, Case No. 2:09-cv-307-JCM(RJJ), 2011 WL 3273884 at* 1 (D. Nev. July 29, 2011) (citing *Daubert v. Merrell Dow Pharm. Inc.*, 43 F.3d 1311 (9th Cir. 1995)).

4

Curtis' opinion is based on sufficient facts and data. Curtis bases his opinion, that Mattress Firm did not engage in discriminatory employment practices, on Mattress Firm's Applicant Data from 2012 to 2014. The EEOC's expert, Elvira Sisolak, bases her opinion on U.S. Bureau of the Census data from 2006 to 2010. Neither expert had access to Mattress Firm's employment data during the time period of Mattress Firm's alleged discriminatory employment practices[1]; both experts extrapolate from their respective data sets and reach opposite conclusions about Mattress Firm's employment practices between 2007 and 2011. The mere fact that Curtis relies on a different data set than Sisolak does not demonstrate that Curtis' opinion is based on insufficient facts or data.

The EEOC contends that Curtis' data is "unreliable," then explains a number of alleged deficiencies with Curtis' data. The EEOC's reliability argument should be reserved for discrediting Curtis at trial; it does not justify excluding Curtis' expert opinion.

4.      Curtis Used a Reliable Methodology

"[G]eneral acceptance [of an expert's methodology] is not a necessary condition to admissibility; expert scientific opinion is admissible if it qualifies as 'scientific knowledge' and is therefore sufficiently 'reliable.'" *Lust By and Through Lust*, 89 F.3d at 597. *Daubert* listed four nonexclusive factor to determine whether a scientific method was reliable: "(1) whether the method has gained general acceptance in the relevant scientific community, but also (2) whether the method has been peer-reviewed, (3) whether the method can be tested, (4) whether there is a known or potential rate of error." *Id.*

"'A significant fact' in making [a determination on the reliability of an expert's methodology] is 'whether the expert has developed [his] opinions expressly for purposes of testifying." *Neal-Lomax v. Las Vegas Metro. Police Dept.*, 574 F. Supp. 2d 1193, 1202 (D. Nev. 2008) (internal citations omitted).

---

[1] Mattress Firm only retains applicant data for two years. (Doc. #89 at 10).

"An expert's failure to subject his method to peer-review and to develop an opinion outside the litigation does not necessarily render his opinion inadmissible." *Id.* "However, if these guarantees of reliability are absent, the expert must explain his methodology precisely and must 'point to some objective source' supporting his methodology." *Id.*

Curtis' methodology is reliable. Curtis' expert report summarizes the data analysis techniques he used to reach his conclusion and states that his conclusions based on 2012 to 2014 employment data, is applicable to the earlier period of alleged employment discrimination because Curtis used Mattress Firm's available employment data, rather than generalized data from the U.S. Bureau of the Census. Curtis has "point[ed] to some objective source" in support of his methodology, thus Curtis' methodology is reliable.

The EEOC relies on Curtis' generalized descriptions of his methodology at his deposition, to argue that Curtis' extrapolation of later employment data to reach a conclusion about an earlier time period is not based on reliable methodology. Curtis' report, however, explains that Mattress Firm's available data is a better indicator of Mattress Firm's past employment practices than U.S. Bureau of the Census data. The EEOC's argument that Curtis used an unreliable methodology does not justify excluding Curtis' expert opinion.

5. <u>Curtis' Opinion is Within the Scope of a Rebuttal Expert</u>

"Rebuttal expert testimony is restricted to subjects which are 'intended solely to contradict or rebut evidence on the same subject matter identified by another party.'" *Goben v. Wal-Mart Store, Inc.*, Case No. 2:12-cv-86-JCM-VCF, 2014 WL 2736088 at* 2 (D. Nev. June 16, 2014) (citing FED. R. CIV. P. 26(a)(2)(C)(ii)). "Rebuttal expert reports are proper if they contradict or rebut the subject matter of the [original] expert report." *Downs v. River City Grp., LLC*, Case No. 3:11-cv-885-LRH-WGC, 2014 WL 814303 at* 2 (D. Nev. Feb. 28, 2014). "They are not, however, the proper place for presenting new

arguments." *Id.* (expert's opinion was not proper rebuttal opinion when purported rebuttal five-page report only mentioned opposing expert's opinion once).

Curtis' opinion is a proper rebuttal expert opinion. Curtis' export report addresses every facet of Sisolak's expert report and provides an alternate explanation for Mattress Firm's conduct during the period of alleged discrimination.

The EEOC's argument, that Curtis' opinion fails to address the data Sisolak relies on, is unpersuasive. A proper rebuttal expert's opinion is not required to be based on the same data as the expert opinion that it is offered to rebut. Curtis rebuts each portion of Sisolak's report with his own analysis and interpretation of, what Curtis believes is, a more representative set of data.

6.   <u>Curtis Does Not Give an Improper Opinion on an Ultimate Issue</u>

"An opinion is not objectionable just because it embraces an ultimate issue." FED. R. EVID. 704. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e. an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002). "[A] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).

Curtis may be allowed to testify about Mattress Firm's "lack of economic incentive for [Mattress Firm] to discriminate against its older, more experienced employee." Curtis opines that Mattress Firm lacked an economic motive to discriminate based on age; he does not opine that Mattress Firm did not discriminate against older employees. The court is free to instruct, and the jury is free to find, that Mattress Firm discriminated against its older employees, despite its lack of economic motivation to do so.

*Hangarter v. Provident Life* is instructive on the permissible scope of Curtis' expert testimony. 373 F.3d at 1017. In *Hangarter*, the plaintiff's expert properly opined that the defendant deviated from insurance industry standards. *Id.* While the plaintiff's expert testimony supported plaintiff's claim that

defendant acted in bad faith, the plaintiff's expert did not testify to the ultimate issue, i.e. that defendant had acted in bad faith. *Id.* Here, Curtis' opinion is in line with *Hangarter*; Curtis' opinion supports Mattress Firm's position, but Curtis does not opine on the ultimate issue of whether Mattress Firm did discriminate against its older employees.

The EEOC relies on *Torres v. County of Oakland*, to contend that Curtis' use of the word "discriminate" in his expert opinion shows that Curtis improperly testifies on an ultimate issue. 758 F.2d 147, 151 (6th Cir. 1985). In *Torres*, defendant's expert was asked, "Is it true, … that you did not believe that [the plaintiff] had been discriminated against because of her national origin in the interview process." *Id.* Defendant's expert stated that, in her opinion, no discrimination based on national origin had occurred. *Id.* The *Torres* court held that defendant's expert gave improper testimony on a legal conclusion. *Id.* (emphasizing that the question asked of defendant's expert mirrored the statutory language of Title VII). The *Torres* court also noted that a change in phrasing would correct the problem, defendant could elicit the same information from its expert without the expert giving an improper opinion on a legal conclusion. *Id.* (asking expert whether national origin "motivated" the hiring decision would have been proper). Here, Curtis opines on Mattress Firm's lack of motivation to discriminate, not that Mattress did not in fact discriminate. The EEOC's argument that Curtis improperly gives an opinion on a legal conclusion is unpersuasive.

The EEOC is also concerned that Curtis' phrasing "raises the inference that Defendant did not intentionally discriminate against," its older employees. The EEOC mischaracterizes the use of Curtis' testimony. Like all circumstantial evidence, Curtis' testimony may allow the jury to infer that no discrimination occurred. *See Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1211-12 (9th Cir. 2008). Curtis' testimony does not, as the EEOC suggests, usurp the role of the court to instruct the jury on the legal requirements necessary to find that Mattress Firm discriminated against its older employees.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the EEOC's Motion to Strike Defendant Mattress Firm's Rebuttal Expert's Testimony (Doc. #89) is DENIED.

IT IS SO ORDERED.

DATED this 11th day of February, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

9