**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>MATTRESS FIRM,<br><br>　　　　　　　　Defendant. | Case No. 2:13–cv–1745–GMN–VCF<br><br>**ORDER**<br><br>MOTION TO STRIKE THE INTERVIEW OF CHRIS BROWN (DOC. #95); MOTION TO STRIKE THE DECLARATION OF TRACEY M. VILLEMARETTE (DOC. #96) |

This matter involves the United States Equal Employment Opportunity Commission's (hereafter "the EEOC") civil action against Defendant Mattress Firm. Before the court are Mattress Firm's Motion to Strike the Interview of Chris Brown (Doc. #95), the EEOC's response (Doc. #104), and Mattress Firm's reply (Doc. #109). Also before the court are Mattress Firm's Motion to Strike the Declaration of Tracey M. Villemarette (Doc. #96), the EEOC's response (Doc. #105), and Mattress Firm's reply (Doc. #107). For the reasons stated below, Mattress Firm's motion to strike the interview of Chris Brown (Doc. #95) is denied. Mattress Firm's motion to strike the declaration of Tracey M. Villemarette (Doc. #96) is also denied.

**I. Background**

The EEOC brought the instant action against Mattress Firm for alleged age discrimination between 2007 and 2011. The instant motions to strike arises from the EEOC's response to Mattress Firm's motion for summary judgment. In support of its response, the EEOC provided, among other documents, an interview with former Mattress Firm employee Chris Brown and a declaration by EEOC paralegal Tracy M. Villemarette.

The EEOC interviewed Brown in June 2010, approximately three years after Brown stopped working for Mattress Firm.  (Doc. #88-18 at 5).  Mattress Firm was neither notified nor present at Brown's interview.[1]  (Id.).  During his interview, Brown answered questions about Mattress Firm's business culture, employment practices, and Mattress Firm's allegedly age-discriminatory plan to fire, or force to quit, older Bedtime Mattress' employees.  Mattress Firm now moves to strike Brown's interview on the grounds that the interview is inadmissible hearsay.

Villemarette's declaration summarizes numerous Mattress Firm employment spreadsheets from the time period of Mattress Firm's alleged discrimination.  (Doc. #88-41 at 3).  Mattress Firm also moves to strike Villemarette's declaration as her declarations violates the best evidence rule.

## II. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."  FED. R. CIV. P. 56(a).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions documents, electronically stored information, affidavits or declarations … or showing that the materials cited do not establish the absences or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1).  "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  FED. R. CIV. P. 56(c)(2).

---

[1] Neither party disputes that Brown's interview was not a deposition under Federal Rule of Civil Procedure 30.  (Doc. #95 at 2); (Doc. #104).

2

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4).

"At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *see also Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (declaration based on inadmissible hearsay could not be considered when deciding motion for summary judgment).

### III. Discussion

The parties present two issues: (1) whether Brown's interview may be considered when the court decides Mattress Firm's motion for summary judgment and (2) whether Villemarette's declaration violates the best evidence rule.

1. <u>Brown's Interview Will Be Treated as a Declaration for Purposes of Mattress Firm's Motion for Summary Judgment[2]</u>

"An interview given under penalty of perjury, may, however, be treated as a declaration—and therefore may be considered in ruling on a summary judgment motion … even though Rule 32(a) prevents its use as a formal deposition." *S.E.C. v. Phan*, 500 F.3d 895, 913 (9th Cir. 2007).

"A statement that meets the following conditions is not hearsay … the statement is offered against an opposing party and was made by the party's agent or employee on a matter within the scope of the relationship and while it existed." FED. R. EVID. 801(d)(2)(E).

---

[2] Mattress Firm argues that Brown's interview is conclusory, speculative, and not based on Brown's personal knowledge. Mattress Firm's argument is unpersuasive. Brown answered questions about his experiences as Mattress Firm's district manager for the Las Vegas area. (Doc. #88-18).

3

Here, Brown's interview will be treated as a declaration for the purposes of the EEOC's response to Mattress Firm's motion for summary judgment. Brown's June 2010 interview was given under the penalty of perjury. (Doc. #88-18 at 46). Thus, Brown's interview may be treated as a declaration under Federal Rule of Civil 56, irrespective of whether the interview qualifies as a formal deposition.

Mattress Firm next argues that Brown's testimony about statements made to him by Mattress Firm officials, Jason Starr and Ken Murphey, are inadmissible hearsay. This argument is unpersuasive. Brown's statements about Starr and Murphey statements are admissible as non-hearsay. Brown testifies about statements allegedly made by Mattress Firm officials Jason Starr and Ken Murphey, regarding a strategy to replace older Mattress Firm employees, who had worked for Bedtime Mattress, with new hires or transfers. (Doc. #88-18 at 14). At the time Starr's and Murphey's statements were allegedly made to Brown, both Starr and Murphey were employees of Mattress Firm and were speaking about a matter within their scope of employment, namely replacing employees. (Doc. #88-18 at 8). Starr's and Murphey's statements are admissible under the party-opponent employee hearsay exemption. FED. R. EVID. 801(d)(2)(E).

2. <u>Villemarette's Declaration is Admissible as a Summary Under Federal Rule of Evidence 1006</u>[3]

"An original writing, recording, or photograph is required in order to prove its contents unless these rules or a federal statue provides otherwise." FED. R. EVID. 1002.

---

[3] Mattress Firm also argues that Villamarette lacks personal knowledge about the facts that are represented in the spreadsheets she summarized. This argument is unpersuasive. Villamarette has personal knowledge about the contents of Mattress Firm's spreadsheets as she reviewed them before preparing her declaration. (Doc. #88-41 at 3). As Villamarette's declaration is being offered as a summary of the information contained in the spreadsheets she reviewed, and not to prove the facts underling Mattress Firm's spreadsheets, Villamarette's lack of personal knowledge as to the facts underlying the data represented in the spreadsheets is irrelevant. *See Lehman Bros. Holdings, Inc. v. PMC Bancorp*, 612 Fed. Appx. 885, 887 (9th Cir. 2015) (district court did not abuse its discretion when it admitted a summary without an affidavit from the individual who prepared the summary).

"The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." FED. R. EVID. 1006. "The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." FED. R. EVID. 1006. Federal Rule of Evidence 1006 operates as an exception to Federal Rule of Evidence 1002, the "Best Evidence Rule." *See Kurtz v. Allstate Ins. Co.*, 361 Fed. Appx. 752, 753 (9th Cir. 2010).

"[T]here is no minimum volume threshold for Rule 1006 summaries." *Assurance Co. of America v. National Fire & Marine Ins. Co.*, Case No. 2:09-cv-1182-JCM-PAL, 2012 WL 1970017 at* 5 (D. Nev. June 1, 2012) (denying defendant's motion to exclude plaintiff's summary exhibit after finding that the summaries would help the court to understand the underlying documents). "Any dispute about the impression created by the appearance of the summaries goes to the weight, not the admissibility, of this evidence." *Id.*

Here, Villemarette's declaration is admissible under Federal Rule of Evidence 1006. Villemarette's declaration summarizes various Mattress Firm spreadsheets produced as part of discovery. After reviewing the underlying spreadsheets, the court finds that the summary contained in Villemarette's declaration will assist the court in understanding the underlying documents, thus Villemarette's declaration is admissible under Rule 1006. As Villemarette's declaration is admissible as a summary under Rule 1006, the best evidence rule is not implicated. *See Kurtz*, 361 Fed. Appx. at 753. Further Mattress Firm's argument, that Villemarette's declaration is unreliable and unsubstantiated, goes to the weight, not the admissibility, of Villemarette's declaration. *See National Fire*, 2012 WL 1970017 at* 5.

ACCORDINGLY, and for good cause shown,

...

IT IS HEREBY ORDERED that Mattress Firm's Motion to Strike the Interview of Chris Brown (Doc. #95) is DENIED.

IT IS FURTHER ORDERED that Mattress Firm's Motion to Strike the Declaration of Tracy M. Villemarette (Doc. #96) is DENIED.

IT IS FURTHER ORDERED that the hearing scheduled for 10:30 a.m. on March 25, 2016 is VACATED.

IT IS FURTHER ORDERED that the Joint Motion for Extension of Date of Hearing on Defendant's Motion to Strike the Interview of Chris Brown (#112) is DENIED as MOOT.

IT IS SO ORDERED.

DATED this 21st day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE