# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\*\*\*

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

vs.

MATTRESS FIRM, INC.; *et.al.*,

                    Defendants.

Case No. 2:13–cv–1745–GMN–VCF

**ORDER**

MOTION TO STRIKE UNTIMELY DESIGNATED
WITNESSES (ECF NO. 115)

This matter involves the EEOC's civil action against Mattress Firm Inc.  Before the court are the Mattress Firm's motion to strike untimely designated witnesses (ECF No. 115), the EEOC's response (ECF No. 116), and Mattress Firm's reply (ECF No. 117).  For the reasons stated below, Mattress Firm's motion is granted in part and denied in part.

## I. Background

In September 2013, the EEOC sued Mattress Firm for alleged age discrimination.  (ECF No. 1)  This court initially set the discovery cutoff date for October 27, 2014.  (ECF No. 17)  This deadline was later extended to August 3, 2015.  (ECF No. 74)

In April 2014, the EEOC served Mattress Firm with an extensive list of potential witnesses.  (ECF No. 115-1)  Two years later, the EEOC served Mattress Firm with a supplemental list of 29 additional witnesses.[1]  Mattress Firm argues that none of these witnesses were included in the EEOC's April 2014 disclosure.

The witnesses at issue are easily divided into two groups.

---

[1] Mattress Firm assets that there are 30 untimely disclosed witnesses.  (ECF No. 115) The EEOC contends there are 31 witnesses at issue.  (ECF No. 116)  This court counts 29 witnesses at issue.

The first group consists of current or former EEOC employees:

| |
|---|
| 1. Daniel Garcia |
| 2. Adrianna Lopez |
| 3. Lucy Orta |
| 4. Thomas Profit |
| 5. Marla Stern |
| 6. Tracy Villemarette |

The second group includes current and former Mattress Firm employees as well as their friends and family:

| | |
|---|---|
| 1. Elvia Bahena | 13. Ryan Panlener |
| 2. Adam Baker | 14. Dennis Romanchenko |
| 3. Marty Bikel | 15. Aaron Shaffer |
| 4. David Blasucci | 16. Ryan Shatto |
| 5. Gail Culp | 17. Theresa Seisan |
| 6. Anthony Holyoak | 18. Steve Stagner |
| 7. Kevin Johnson | 19. Angela R. Vann |
| 8. Robert D. Killgore | 20. Matthew Wilson |
| 9. Danny Mejia | 21. Stefon Wilson |
| 10. Frank McLean Jr. | 22. Dean Woodland |
| 11. Lucia McLean | 23. Carols Woods |
| 12. Timothy Moyer | |

2

Mattress Firm now moves to strike these untimely disclosed witnesses.

## II. Discussion

1. <u>The Court Will Strike 27 of the 29 Witnesses at Issue</u>

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

If a party learns that "in some material respect the disclosure or response is incomplete or incorrect," it must supplement or correct its disclosure in a timely manner. FED. R. CIV. P. 26(e).

"If a party fails to … identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

As an initial matter, the EEOC does not dispute that its April 2016 disclosure was untimely. (ECF No. 116) Instead, the Commission argues that its late disclosure was substantially justified and harmless.

### i.   *The EEOC Employees*

The EEOC argues that its late disclosure of its employees was substantially justified.  The Commission argues that Mattress Firm was first made aware of these employees during the Commission's 2007-2013 administrative proceedings.  (ECF No. 116)  These employees were also identified in the EEOC's 2014 discovery responses.  (*Id.*)

Rule 26(a) places an affirmative obligation on the EEOC to disclose the names of its witnesses.  A "passing reference" to a witness in a discovery response does not provide a substantial justification for an untimely disclosure.  *See Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).  Additionally the increased cost of deposing the EEOC witnesses renders the Commission's untimely

disclosure harmful.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

### ii.   *Tracy Villemarette*

The EEOC's inclusion of witness Tracy Villemarette presents this court with different situation. This court previously allowed Villemarette's Federal Rule of Evidence 1006 summary to support the EEOC's motion for summary judgement.  (ECF No. 113)  Given this court's prior order, this court will permit Villemarette to testify as a Rule 1006 summary witness only.

### iii.   *The Mattress Firm Witnesses*

The EEOC argues that its late disclosure of the Mattress Firm witnesses was substantially justified. The Commission alleges that Mattress Firm frustrated its discovery efforts.  The company asserted numerous objections to the EEOC's requests for production.  These objections forced the EEOC to move to compel a response.  (ECF No. 33)  Consequently, Mattress Firm did not produce the names of its employees until April 2015, and did so only after this court granted the EEOC's motion to compel.  The EEOC then disclosed these witnesses in its April 2016 supplemental disclosure.  (ECF No. 115-2)

The EEOC does not explain why it waited an entire year to disclose the Mattress Firm witnesses. (ECF No. 116)  Instead the Commission attempts to justify its delay by citing to Mattress Firm's untimely discovery responses.  (*Id.*)  Even if Mattress Firm's discovery conduct were improper, that would not excuse the EEOC from complying with Rule 26(e)'s requirement that supplemental disclosures be made in a "timely manner."  The Commission's untimely disclosures were not substantially justified.

The EEOC also argues that its late disclosure of these witnesses was harmless.  The Commission relies on Mattress Firm's superior access to information about its own employees to argue that the company should have known the EEOC would designate these witness.  Again the EEOC's reliance on Mattress Firm's conduct is misplaced.  Although the company knew of the identities of its employees, it

4

likely did not anticipate the need to depose these employees until the EEOC served its April 2016 disclosure.  *See Yeti by Molly, Ltd.*, 259 F.3d at 1107.  Even though the court has not set a trial date, the increased cost and probable delay in reopening discovery at this late hour renders the EEOC's untimely disclosure harmful.  *See id.*

iv. <i>Dennis Romanchenko</i>

The EEOC asserts that "Dennis Romanchenko" is not a new witness.  Rather the EEOC's initial disclosure misspelled his name as "Dennis Demochenco."  (ECF No. 115-1)  Mattress Firm does not dispute that "Dennis Demochenco" and "Dennis Romanchenko" are the same individual.  (ECF No. 117)  Since the EEOC identified him in its initial disclosures, Romanchenko may testify at trial.

2.    <u>The EEOC May Use the Witnesses for Impeachment Only</u>

A party is not obligated to disclose a witness that it intends to use "solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A).  The EEOC asks the court to allow it to use its untimely disclosed witnesses for impeachment at trial.  (ECF No. 116)  Since Rule 26's disclosure requirements do not apply to impeachment witnesses, this court will grant the EEOC's request.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Mattress Firm's motion to strike (ECF No. 115) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that pursuant to this court's prior order (ECF No. 113), Tracy Villemarette is permitted to testify at trial as a Federal Rule of Evidence 1006 summary witness only.

IT IS FURTHER ORDERED that Dennis Romanchenko will be permitted to testify at trial.

/// /// ///

/// /// ///

IT IS FURTHER ORDERED that the remaining 27 witnesses described in Mattress Firm's motion (ECF No. 115 at 3-5) will not be permitted to testify at trial, except for impeachment purposes.

IT IS SO ORDERED.

DATED this 16th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE